[No. 8096.   Department One.   November 16, 1909.]

# H. A. JOHNSON et al., Respondents, v. GEORGE ZUFELDT et al., Appellants.[1]

LANDLORD AND TENANT—LEASE—ASSIGNMENT—RESERVATIONS. The assignee of a lease is not entitled to the use of a cottage which was expressly excepted in the assignment, in the absence of fraud, deceit or mutual mistake in reserving the cottage.

LANDLORD AND TENANT — LEASES — PARTIAL ASSIGNMENT—RENT— PROPORTIONAL SHARES. Upon a partial assignment of a lease, which contained no reference to the share of the rent which the assignee was to pay, the law implies an agreement to pay a proportional share only, according to the value of the respective interests, and upon payment of the entire rent by the assignee, he is entitled to recover from the assignor the proportional part admitted by the pleadings to be chargeable to the interest of the assignor.

Appeal from a judgment of the superior court for King county, Yakey, J., entered December 18, 1908, upon findings in favor of the plaintiffs, in an action of ejectment, after a trial on the merits before the court without a jury. Reversed.

*Byers & Byers*, for appellants.

*Sauter & Sheldon*, for respondents.

FULLERTON, J.—On and prior to April 4, 1907, the respondents were the owners of a leasehold interest in certain real property, situated in the city of Seattle, on which there was standing a twenty-room rooming house or hotel, and a small five-room cottage, the rent reserved for the land and buildings being $95 per month, payable monthly. Both buildings were fitted up for rooming purposes, and were being used by the respondents for such purposes. On the day named, the respondents sold to the appellants, giving them a bill of sale therefor, "all the household goods and kitchen furniture of whatsoever name or nature that is now contained

[1]Reported in 104 Pac. 1132.

in the twenty-room rooming house known as The Argyle,
. . . as per inventory, also a certain lease on the above
described property satisfactorily transferred"; and at the
same time, although by a separate instrument, assigned to
them that part of the leasehold interest covering the twenty-
room rooming house; the form of the assignment being an
assignment of the entire lease with a reservation of the five-
room cottage. In neither the bill of sale nor the assignment
of the lease was anything said concerning the sum the as-
signee should pay as his proportion of the rentals accruing
to the owner of the property.

The assignee took possession of the property included in
the written assignment immediately on its execution. Some
four days later he took possession of the five-room cottage,
contending that it passed to him in virtue of the assignment,
notwithstanding it was in words excepted therefrom. This
action was thereupon begun by the respondents to recover
possession of the cottage.

To a complaint setting out the respondents' claim of right
of possession, the appellants answered, denying the respond-
ents' right of possession and averring, by way of a separate
defense, that the reservation in the lease was entered therein
surreptitiously and without the appellants' knowledge or
consent; further averring, by way of counterclaim against
the claim for rent of the cottage set up by the respondents,
that the appellants had paid the entire rental of the premises
to the owner, and that no part thereof had been repaid them
by the respondents; that the respondents' just proportion of
such rental was $19 per month, and that they were entitled
to offset this sum against any recovery for the rental value
of the cottage the court should enter against them. The
reply denied that the proportionate share of the rental due
from them as possessors of the cottage was of any greater
value than $8 per month.

On the issues thus made, a trial was had before the court
sitting without a jury, resulting in a finding to the effect

that the respondents were entitled to the possession of the cottage, that its rental value for the time they were out of possession was $15 per month, or a total of $172, and a judgment awarding this relief was entered. Both the findings and judgment were silent, however, on the question of the right of the appellants to offset against the rental value of the cottage the sums paid by them on the rent reserved in the original lease, which of right ought to be paid by the possessor of the cottage.

On the principal question, we have no hesitancy in following the findings of the trial court. The evidence wholly fails to show any fraud or deceit on the part of the respondents by which the appellants were overreached or wrongfully induced to enter into the lease, nor does it show a mutual mistake of the parties. And without some such showing, it is hardly necessary to add, the solemn agreements of the parties cannot be altered or set aside.

The court erred, however, in failing to allow an offset for a proportional share of the rent paid by the appellants reserved in the original lease. Since the assignment of the lease was only partial, and the contract between the assignor and assignee contained no reference as to the share of the rent reserved for the entire lease the assignee should pay, the law implies an agreement on his part to pay a proportional share only of the rent so reserved; the apportionment to be made between the parties according to the value of their respective interests. So, also, where in such a case one of the parties pays the entire rental the law raises an implied promise on the part of the other to repay to him the other's proportional share of such rental.

Neither party offered any evidence from which the relative rental values of the two tracts can be ascertained, and consequently the admission in the reply must be taken as the true relative value. The judgment appealed from is therefore reversed, and the cause remanded with instructions to allow the appellants to offset, against the amount recovered

against them as the rental value of the cottage during the time they were wrongfully in possession, the proportional share of the rent reserved in the lease from the owner of the property, computed at $8 for each of the several months the appellants paid the entire reserved rental; the computation to be carried down to the time the final judgment is entered. If the amount so paid exceeds $172, then the appellants shall have judgment against the respondents for the difference.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.